## CLAWANS v. CARNDUFF.
### No. 5454.

Court of Appeals of the District of Columbia.
Argued May 4, 1932.
Decided May 31, 1932.

Rehearing Denied June 17, 1932.

Lillian Clawans and F. D. Masucci, both of Newark, N. J., for appellant.

Roger J. Whiteford and P. H. Marshall, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

### PER CURIAM.

The record sets out two appeals arising from the same controversy.

█ The first appeal was taken from a judgment for $2,000 recovered by appellant as plaintiff below, against appellee, rendered and entered of record on February 16, 1931. Appellant on April 7, 1931, perfected an appeal from the judgment, and on July 22, 1931, filed a transcript of the record with the clerk of this court. The record contains no bill of exceptions. Under paragraph 1 of rule 15 of this court the transcript of record should have been filed with our clerk within sixty days from the time when the appeal was perfected, whereas it appears from a computation of the foregoing dates that the transcript was not filed within the prescribed time. It does not appear that any application was made for an extension of time within which to file the transcript of record, nor that any order was granted extending the time therefor.

A motion has been filed by appellee for a dismissal of this appeal because of appellant's failure to file the transcript of record within rule. We are constrained to sustain this motion, and the appeal from the judgment below is dismissed.

█ The second appeal relates to certain writs of execution issued upon appellant's praecipe for the collection of the judgment above referred to. By consulting the printed record in the appeal which has just been dismissed, we discover that on April 11, 1931, a writ of fieri facias was issued to the marshal for the collection of the judgment and costs, and that it was returned indorsed, "Satisfied as to judgment demand fee and costs in full April 11, 1931." Afterwards on the same day appellant ordered that another writ issue for the collection of the same judgment, which should "leave open the amount of interest named by directed verdict until the final determination by the Court of Appeals of plaintiff's appeal from so much of the order amending the directed verdict allowing interest only from date of directed verdict." The lower court, upon motion of appellee, quashed this writ, and appellant has appealed from that order. There is no bill of exceptions relating to the second appeal, therefore all that appears in the record is the fact that one execution had been issued upon the judgment and returned satisfied, and that appellant afterwards sought a second writ in different form but designed for the collection of the same judgment. We can find no error in the order quashing the second writ.

We therefore dismiss both appeals at the cost of appellant.

Appeals dismissed.

HITZ, Associate Justice, took no part in the consideration or decision of this case.